PEREW, The MARY E. See Case No. 9,207.

PEREZ (DODGE v.). See Case No. 3,953.

PEREZ (UNITED STATES v.). See Case No. 16,033.

## Case No. 10,981.

### PERIN & GAFF MANUF'G CO. et al. v. PEALE.

[17 N. B. R. 377.] [1]

District Court, S. D. Mississippi. 1878.

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—PETITION—DUTY OF MERCHANT TO DISCLOSE HIS ACCOUNTS—SUSPENSION OF PAPER.

1. A merchant is under obligation to his creditors to exhibit a statement of his accounts when demanded, and if he fails to do so he cannot complain of proceedings in bankruptcy commenced against him without the requisite number of creditors joining in the petition, provided a sufficient number join before the trial.

2. The petition should contain an averment that the petitioners believe that they constitute one-fourth in number of the creditors, and that the amount due them constitutes one-third of the unsecured provable debts; it is not required that they should know such to be the fact.

3. An agreement, on the maturity of a note, given in the course of commercial business, that it may lay over for that day, is only a forbearance to sue, and does not destroy the character of the note as commercial paper. Its non-payment is a suspension and non-resumption of payment, and when continued for forty days constitutes an act of bankruptcy.

[This was an action in bankruptcy by the Perin & Gaff Manufacturing Company and others against John A. Peale.]

Shelton & Lea, for petitioning creditors.

Pittman & Pittman and Buck & Clark, for Mississippi Valley Bank.

HILL, District Judge. This is a proceeding in involuntary bankruptcy, instituted by the petitioners against said defendant, praying that he may be adjudicated a bankrupt. The defendant has made no defense, but the Mississippi Valley Bank, by order of the court, as a creditor of the defendant, has been permitted to interpose its defense.

The first defense made goes to the jurisdiction of the court, and will be first considered. The objection stated and relied upon is, that when the petition was sworn to by the first five petitioning creditors, they did not constitute one-fourth in number and one-third in amount of the creditors of said Peale, and that this fact was known to said petitioners or their agent and attorney; that it was only a fishing petition and a fraud upon the jurisdiction of the court. If the proof sustained this averment, the petition should be dismissed. The petition should contain the averment that the petitioners believe they do constitute one-fourth in number, and that the amount due them constitutes one-third of the provable debts of the alleged bankrupt which are unsecured. But that they should know such to be the fact cannot, in the very nature of the case, be required. To require this would in most cases defeat this provision of the law, as each creditor is only presumed to know what is due himself, and not what

[1] [Reprinted by permission.]

is due to others. Again, it is impossible for a creditor to know the amount of indebtedness of a merchant debtor, unless upon examination of his books and accounts. If these are properly kept, he might upon examination of them approximate it. The petition was prepared by the attorney in Vicksburg, and sent to Cincinnati to be sworn to by the creditors there. A memorandum of the names and amounts of other creditors who were to and have joined in the petition was sent with it. The petition was doubtless sworn to with the understanding that they would so join. The defense relies upon the fact that Williams, the agent of the first-named creditors, and Lea, their attorney, were informed by Peale that he owed some twenty-nine thousand dollars, a portion of which was secured and a portion not, and that he had about forty creditors. Peale was again and again applied to to furnish a statement of the names, residence, and amounts due his creditors, which was refused upon the ground that it was desired for the purpose of instituting proceedings in bankruptcy against him. Both the attorney and the agent might well have doubted the truth of Peale's statement in this regard, as he refused to make a detailed exhibit of his indebtedness or to exhibit his books, from which it could be ascertained. They might have well supposed that this large statement was made to bluff them off and to prevent the commencement of bankruptcy proceedings.

I am of opinion that, since the enactment of the bankrupt law [of 1867 (14 Stat. 517)] a merchant is under obligation to his creditors, when demanded, to exhibit a statement of his accounts, and a refusal to do so is a violation of his duty; and, if he fails to do so, he cannot complain at proceedings in bankruptcy being commenced against him without the requisite number and amount of creditors joining in the petition, provided a sufficient number join before the trial; and no one or more of his creditors seeking an advantage over other creditors, caused by such refusal, can occupy a better position than the debtor. There is no evidence that petitioning creditors were informed of Peale's statement of the number of his creditors or the amount he owed. The evidence is that he refused to give a statement of these facts. It is not denied that the requisite number of creditors, holding the requisite amount of debts, have now joined in the petition, and that they have joined in proper time. Without further comment, I must hold that the court has jurisdiction of the proceedings.

There remains the question as to whether or not the alleged act of bankruptcy has been established. But one act of bankruptcy is charged, and that is, that being a merchant and trader he suspended payment of his commercial paper, and did not resume within forty days. The paper upon which the alleged suspension was made is a note made payable to Roach, the cashier of the Vicksburg Bank. That Peale was then badly insolvent is not denied; that he was a merchant is admitted; and that the note was given in the course of his commercial business is not disputed, nor is it denied that it remained unpaid for more than forty days after its maturity. The point relied upon is, that it appears from the proof that, a short time before the maturity of the note, Peale applied to Roach for an extension of time for payment, and that when it was sent out for payment on the day of its maturity, Roach agreed that it might lie over for that day; and that no further steps were taken for its collection until some time after, when suit was brought upon it. It is contended that this agreement that the paper might lie over for the day on which it fell due destroyed its character as commercial paper. It is not contended that there was any agreement for delay except from day to day, or that any further agreement was made, or that any consideration was given for the delay.

I am satisfied that this was only a forbearance to sue, and did not destroy the character of the note as commercial paper. In contemplation of the bankrupt law, it was a suspension and non-resumption of payment, and having continued for more than forty days, constituted an act of bankruptcy. If the judgments held by the contesting creditor constituted liens upon the stock of merchandise of the debtor, then the declaration of bankruptcy cannot prejudice them, and if not there is no reason why they should complain at receiving an equal share with other creditors. I am satisfied that, under all the proof, the debtor should be declared a bankrupt, and it is so ordered. Let an order of adjudication be passed.